EL PUEBLO, DEMANDANTE Y APELADO, *v.* FERNÁNDEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por delito contra la salud y seguridad públicas.

No. 856.—Resuelto en diciembre 9, 1915.

SALUD Y SEGURIDAD PÚBLICAS—INFRACCIÓN DEL ARTÍCULO 352 DEL CÓDIGO PENAL—ELEMENTO ESENCIAL DEL DELITO—CONOCIMIENTO—ENFERMEDADES CONTAGIOSAS O INFECCIOSAS.—Para que un acusado pueda ser declarado culpable de infringir el artículo 352 del Código Penal, es necesario que se demuestre, como elemento esencial del delito, que tenía conocimiento de que el animal estaba atacado de muermo o de otra enfermedad contagiosa o infecciosa y que teniendo tal conocimiento había dejado de matar el animal enfermo o se había opuesto a su sacrificio por parte de las autoridades sanitarias.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El apelante no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de San Juan, Sección 2ª., por virtud de la cual Julio Fernández fué condenado a pagar una multa de treinta pesos como autor de un delito contra la salud y seguridad públicas.

La denuncia, en lo pertinente, dice así:

"Que en 14 de diciembre de 1914, a las 10 a. m., y en la calle Bo. de Vista Alegre, dentro del Distrito Judicial Municipal de Bayamón, que forma parte del Distrito Judicial de San Juan, P. R., el acusado Julio Fernández, criminal, maliciosa y voluntariamente tenía un caballo zaino de su propiedad con muermo abandonado detrás de la casa de Encarnación Rodríguez, y conociendo su enfermedad no dió cuenta a su debido tiempo al Sr. Oficial de Sanidad de este pueblo."

Y la ley aplicable es la siguiente:

"Art. 352 del Código Penal: 'Todo dueño o encargado de un animal atacado de muermo o de cualquiera otra enfermedad contagiosa o infecciosa, deberá matarlo tan pronto como lo descubriese o supiere; y si dicho dueño o encargado dejare de cumplir las disposiciones de este artículo, o se negare a ello, incurrirá en *misdemeanor.'* "

Forma parte de la transcripción una exposición del caso en la cual se incluye la prueba practicada. El representante del Pueblo de Puerto Rico ante esta Corte Supremá analizó por escrito y oralmente dicha prueba y llegó a la conclusión de su insuficiencia para basar en ella la sentencia condenatoria dictada, adhiriéndose en tal virtud al recurso. y solicitando en su consecuencia la revocación de la sentencia apelada.

La prueba de cargo consistió únicamente en las declaraciones del Dr. La Rosa, oficial de sanidad de Bayamón, y del veterinario Varas, y demuestra cumplidamente a nuestro juicio que el acusado era dueño de un caballo atacado de muermo crónico que la Sanidad hizo sacrificar y enterrar, pero no demuestra con la certeza necesaria en toda causa criminal que el acusado supiera que el caballo estaba atacado de muermo y que sabiéndolo hubiera dejado de matarlo o se hubiera opuesto a su sacrificio por parte de las autoridades sanitarias.

Infunde en verdad sospecha la conducta del acusado. Tal vez tratándose de una enfermedad crónica, es lo cierto que tenía conocimiento de ella. Quizás el oficial público encargado de la investigación del delito y persecución del culpable, con algún esfuerzo, hubiere podido presentar prueba del conocimiento. Pero lo cierto es que tal prueba no existe y, por lo tanto, que faltando uno de los elementos esenciales que integran el delito imputado al acusado, no puede éste ser declarado culpable de la comisión del mismo.

Debe revocarse la sentencia apelada y absolverse al acusado.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.